Recording Requested By/Return To:

**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**999 TECH ROW, #200**
**MADISON HEIGHTS, MICHIGAN**
**48071**
**888-480-2432**

This Instrument Prepared By:

**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**8950 CYPRESS WATERS BLVD.**
**COPPELL, TX 75019**
**866-316-2432**
**Attorney Bar #:  N/A**

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE RECOVERY ADVANCE DEED OF TRUST

**Property Address: 103 WATER OAK DR, LUCEDALE, MISSISSIPPI 39452**

THIS SUBORDINATE DEED OF TRUST ("Security Instrument") is given on the date of execution by BRANDON W POWELL, the Trustor, whose address is 103 WATER OAK DR, LUCEDALE, MISSISSIPPI 39452 ("Borrower"). This Security Instrument is given by Borrower to the United States of America, acting through the Rural Housing Service (and its successors), and whose address is USDA,

*(page 1 of 5)*

Exhibit "D"

Rural Development, P.O. Box 200011, St. Louis, MO 63120-0011 ("Lender"). Lender is the Beneficiary under this Security Instrument. Borrower owes Lender the principal sum of THIRTY THOUSAND TWO AND 11/100THS Dollars (U.S. $30,002.11). The Trustee under this Security Instrument is OLD REPUBLIC NATIONAL TITLE ("Trustee"), whose address is 3000 BAYPORT DRIVE, SUITE 1000 TAMPA, FL 33607.

This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on MAY 01, 2049.

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby irrevocably warrant, grant and convey to the Trustee, in trust, with the power of sale the following described property located in GEORGE County, MISSISSIPPI:

LEGAL DESCRIPTION:
THE FOLLOWING DESCRIBED PROPERTY LOCATED IN THE COUNTY OF GEORGE: LOT 1, WATER OAK SUBDIVISION, A SUBDIVISION, ACCORDING TO A MAP OR PLAT THEREOF WHICH IS ON FILE OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF GEORGE COUNTY, MISSISSIPPI, IN BOOK 4, PAGE 5, REFERENCE TO WHICH IS HEREBY MADE IN AID OF AND AS A PART OF THIS DESCRIPTION.
Tax Parcel No.:
0801-12-0-020-.00

which has the address of 103 WATER OAK DR, LUCEDALE, MISSISSIPPI 39452 ("Property Address").

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

*(page 2 of 5)*

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: Customer Servicing Center – USDA Rural Development, 4300 Goodfellow Boulevard, Building 105E, FC-225, St. Louis, MO 63120-1703 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

*(page 3 of 5)*

**5. Governing Law; Severability**. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.

Borrower and Lender further covenant and agree as follows:

**7. Acceleration; Remedies**.

**If Lender invokes the power of sale, Lender shall give Borrower, in the manner provided in Paragraph 4, notice of Lender's election to sell the Property. Trustee shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at such time and place in GEORGE County as Trustee designates in the notice of sale in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph or applicable law.**

*(page 4 of 5)*

**8. Substitute Trustee**. Lender/Mortgagee, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**9. Release**. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. If Trustee is requested to cancel this Security Instrument, all notes evidencing debt secured by this Security Instrument shall be surrendered to Trustee. Lender may charge Borrower for the actual costs and fees of recordation of the release where recordation is the Borrower's responsibility under applicable law. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Date: 06 29 2022

Borrower - **BRANDON W POWELL**

STATE OF **MISSISSIPPI** George
COUNTY OF _____
Enter County Here

Personally appeared before me, the undersigned authority in and for the said county and state, on this 29th day of June, 2022, within my jurisdiction, the within named **BRANDON W POWELL**, who acknowledged that (he)(she)(they) executed the above and foregoing instrument.

Notary Public Signature

Grace Kelly (NOTARY PUBLIC)

My Commission expires: August 09, 2024

(Affix official seal, if applicable)

STATE OF MISSISSIPPI
GRACE KELLY
NOTARY PUBLIC
ID No. 116566
Commission Expires
August 9, 2024
HARRISON COUNTY

*(page 5 of 5)*

**8. Substitute Trustee**. Lender/Mortgagee, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**9. Release**. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. If Trustee is requested to cancel this Security Instrument, all notes evidencing debt secured by this Security Instrument shall be surrendered to Trustee. Lender may charge Borrower for the actual costs and fees of recordation of the release where recordation is the Borrower's responsibility under applicable law. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_Brandon W. Powell_                                    Date: 06, 29, 2020

Borrower -   **BRANDON W POWELL**

STATE OF **MISSISSIPPI**
COUNTY OF _____ George _____
                        **Enter County Here**

Personally appeared before me, the undersigned authority in and for the said county and state, on this _____ day of _June_ , _2020_ , within my jurisdiction, the within named **BRANDON W POWELL**, who acknowledged that (he)(she)(they) executed the above and foregoing instrument.

_Grace Kelly_
Notary Public Signature

_Grace Kelly_ _____ (NOTARY PUBLIC)

My Commission expires: _August 09, 2024_

(Affix official seal, if applicable)

STATE OF MISSISSIPPI
GRACE KELLY
NOTARY PUBLIC
ID No. 118566
Commission Expires
August 9, 2024
HARRISON COUNTY

(page 5 of 5)

# DOCUMENT CORRECTION AGREEMENT
## ("Agreement")

████████████████ (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION**:   In consideration of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER providing the Mortgage Recovery Advance (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower will comply with any request to execute, acknowledge, and deliver to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER any documentation ("Replacement Documents") NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**:   Any request under this Agreement made by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, (including assignees and persons acting on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER), shall be prima facie evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY**: If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER more than ten (10) days after being requested to do so by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower shall be liable for any and all loss or damage which NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. In addition, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in conjunction with the Workout shall be retained by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and applied to the loan as determined by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in its discretion.

_Brandon W Powell_                                    Date: 06 29 2022

**BRANDON W POWELL**

# DOCUMENT CORRECTION AGREEMENT
## ("Agreement")

[                    ] (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION**: In consideration of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER providing the Mortgage Recovery Advance (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower will comply with any request to execute, acknowledge, and deliver to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER any documentation ("Replacement Documents") NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**: Any request under this Agreement made by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, (including assignees and persons acting on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER), shall be prima facie evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY**: If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER more than ten (10) days after being requested to do so by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower shall be liable for any and all loss or damage which NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. In addition, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER may elect to declare the Workout null and void in which case the loan shall return to the status as existed prior to the Workout. Any funds received by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in conjunction with the Workout shall be retained by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and applied to the loan as determined by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in its discretion.

_____     Date: 06 29 2022

**BRANDON W POWELL**

Page 1 of 1